CV 13 - 1539

GERALD ALLEN [GA-0950]
GOLDBERG & ALLEN, LLP
49 West 37th Street, 7th Floor
New York, New York 10018
212-766-3366

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------
CORY DUGGAN and JAMES LEAVY,        MAUSKOPF, J.    CV

                Plaintiffs,                                   **COMPLAINT**

      - against -                                           **PLAINTIFFS**
                              SCANLON, M.J.   **DEMAND A**
                                                    **TRIAL BY JURY**

CITY OF NEW YORK, POLICE OFFICER JOSEPH CENTNER,
TAX I.D. 945478, and POLICE OFFICER DOMINICK RASO,
TAX I.D. 943720,

                Defendants,
-------------------------------------------------------------X

**PARTIES, JURISDICTION and VENUE**

1.     Plaintiffs, CORY DUGGAN and JAMES LEAVY, are both 21 year old males, who, at all times relevant to this action, were residents of Staten Island, New York and college students who had never been arrested.

2.     Defendant, City of New York ("NYC"), is a municipality within the State of New York, which includes Richmond County. NYC maintains a police department, the New York City Police Department ("NYPD"), which is an agency of the municipality.

3.     Upon information and belief, Defendant POLICE OFFICER JOSEPH CENTNER, TAX I.D. 945478, was at all relevant times an officer with the NYPD assigned to the 120 Precinct. All actions by CENTNER complained of herein were taken in the course of his employment and under color of law. CENTNER is being sued

in both his individual and official capacities.

4. Upon information and belief, Defendant POLICE OFFICER DOMINICK RASO, Tax I.D. Number 943720, was at all relevant times an officer with the NYPD, assigned to the 120 Precinct. All actions by RASO complained of herein were taken in the course of his employment and under color of law. RASO is being sued in both his individual and official capacities.

5. Original jurisdiction of this Court is founded upon 28 U.S.C. §1331, et seq., specifically 28 U.S.C. § 1343.

6. Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b).

7. A Notice of Claim was timely served upon NYC on or about March 22, 2012, within ninety days of December 30, 2011, the statutory date of accrual for the claims based upon false arrest, excessive use of force, assault and for malicious prosecution. 50-h hearings were held on July 19, 2012.

8. The instant action is commenced within one year and ninety days of the date of accrual of all causes of action.

## FACTS GIVING RISE TO THE CLAIMS

9. On December 30, 2011 at approximately 3:00 a.m., Plaintiffs, along with a group of other young men, were walking on North Mada Avenue in Staten Island and not committing any crime or offense.

10. As Plaintiffs walked up that street they were approached by CENTNER and RASO, who, although in plainclothes, intimated that they were New York City police officers and that Plaintiffs and the other members of the group should stop and produce identification. Neither CENTNER nor RASO wore any police identification on the

2

outside of their civilian clothing.

11. At that point, LEAVY was placed against a parked vehicle by RASO, along with two other of the young men, and was frisked BY RASO. LEAVY then complied with all of the RASO and CENTNER'S instructions.

12. Suddenly, and without any notice or provocation, RASO punched one of the other young men, Devante Wheeler, in the face, and RASO grabbed Wheeler and threw him to the street.

13. Neither LEAVY nor DUGGAN touched, or in any way interfered with RASO'S attack on Wheeler. In fact, no member of the group touched either RASO or CENTNER as they arrested Wheeler.

14. After Wheeler had been handcuffed, DUGGAN spoke to RASO, who then produced pepper spray and sprayed the pepper spray at DUGGAN, hitting him in the neck and hair.

15. LEAVY, DUGGAN, and other members of the group left the scene and began to walk up North Mada Avenue toward Forest Avenue.

16. Within a few minutes, LEAVY, DUGGAN and two others were surrounded by police officers and were placed in handcuffs, and three were made to knee in the street.

17. CENTNER then approached and hurled DUGGAN, who was handcuffed, but standing, to the pavement.

18. LEAVY and DUGGAN were then transported to the 120 Precinct and held in custody, and the two other handcuffed individuals were released, without any summonses or charges. While in custody, LEAVY'S sneakers were taken from him and

not returned. Both Plaintiff's were held overnight and were released from custody the next day.

19. DUGGAN and LEAVY were charged with Obstructing Governmental Administration and Resisting Arrest for their alleged physical interference against RASO or CENTNER during Wheeler's arrest, despite neither Plaintiff ever having touched RASO or CENTNER or having placed themselves in any way between the RASO or CENTNER and Wheeler.

20. Plaintiffs were forced to return to Court to defend themselves against the false charges, which were brought against DUGGAN under Docket Number 2011RI011552 and LEAVY under 2011RI011553.

21. The false charges were pending against them for four months and were dismissed upon motion of the District Attorney on May 9, 2012, after the District Attorney had reviewed a video tape of the incident, which proved all of RASO and CENTNER'S allegations against DUGGAN and LEAVY had been false.

22. As a result of the actions by CENTNER and RASO, Plaintiffs suffered physical injuries from the RASO and CENTNER.

23. Plaintiffs were forced to miss days of work, because, as licensed security guards, their ability to work was effected by the false arrest. Each plaintiff suffers from severe emotional stress and injury as a result of the false arrest, excessive force and malicious prosecution.

## FIRST CLAIM

24. Pursuant to Rule 10(c), Plaintiffs repeats and realleges each and every allegation of paragraphs 1 through 23 of the Complaint as if incorporated and reiterated herein.

25. By arresting Plaintiffs without legal authority, Defendants CENTNER and RASO, individually and acting together, violated Plaintiffs' rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution. Specifically, the constitutional rights to be free from false arrest.

26. By reason thereof, Defendants CENTNER and RASO violated 42 U.S.C. §1983 and caused Plaintiffs to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of their constitutional rights.

## SECOND CLAIM

27. Pursuant to Rule 10(c), Plaintiffs repeats and realleges each and every allegation of paragraphs 1 to 26 of the Complaint as if incorporated and reiterated herein.

28. Defendants CENTNER and RASO, by using excessive force and engaging in assaultive conduct, violated Plaintiffs' rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution under color of law. Specifically, the right to be free from the use of excessive force under color of law.

29. By reason thereof, Defendants CENTNER and RASO violated 42 U.S.C. §1983 and caused Plaintiffs to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of their constitutional rights.

## THIRD CLAIM

30. Pursuant to Rule 10(c), Plaintiffs repeats and realleges each and every allegation of paragraphs 1 through 29 of the Complaint as if incorporated and reiterated herein.

31. Plaintiffs were unlawfully detained and arrested by Defendants CENTNER and RASO without probable cause.

32. By reason thereof, Defendants CENTNER and RASO caused Plaintiffs to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of their constitutional rights.

33. By reason thereof, and because CENTNER and RASO acted within the scope of their duties as members of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

## FOURTH CLAIM

34. Pursuant to Rule 10(c), Plaintiffs repeats and realleges each and every allegation of paragraphs 1 through 33 of the Complaint as if incorporated and reiterated herein.

35. Defendants CENTNER and RASO used excessive force against Plaintiffs in the performance of their police duties.

36. By reason thereof, Defendants CENTNER and RASO caused Plaintiffs to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of their constitutional rights.

37. By reason thereof, and because CENTNER and RASO acted within the

scope of their duties as members of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

### FIFTH CLAIM

38. Pursuant to Rule 10(c), Plaintiffs repeats and realleges each and every allegation of paragraphs 1 through 37 of the Complaint as if incorporated and reiterated herein.

39. Defendants CENTNER and RASO committed an intentional and violent assault against Plaintiffs without legal cause or justification.

40. By reason thereof, Defendants CENTNER and RASO caused Plaintiffs to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of their constitutional rights.

41. By reason thereof, and because CENTNER and RASO acted within the scope of their duties as members of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

### SIXTH CLAIM

42. Pursuant to Rule 10(c), Plaintiffs repeats and realleges each and every allegation of paragraphs 1 through 41 of the Complaint as if incorporated and reiterated herein.

43. Defendants CENTNER and RASO, while acting under color of law, committed an intentional and violent assault against Plaintiffs without legal cause or justification.

44. By reason thereof, Defendants CENTNER and RASO caused Plaintiffs to

suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of their constitutional rights.

45. By reason thereof, Defendants CENTNER and RASO violated 42 U.S.C. §1983 and caused Plaintiffs to suffer physical injuries, emotional distress, mental anguish and the loss of their constitutional rights.

### SEVENTH CLAIM

46. Pursuant to Rule 10(c), Plaintiffs repeats and realleges each and every allegation of paragraphs 1 through 45 of the Complaint as if incorporated and reiterated herein.

47. The sole purpose of arresting Plaintiffs was to cover-up the assault and excessive force used against plaintiffs and Wheeler.

48. By commencing a proceeding in the absence of probable cause and with actual malice, CENTNER and RASO intentionally engaged in a malicious prosecution of Plaintiffs.

49. By reason thereof, CENTNER and RASO caused Plaintiffs to suffer emotional distress, mental anguish, economic damages and the loss of their constitutional rights.

50. By reason thereof, and because CENTNER and RASO acted within the scope of their duties as members of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

## EIGHTH CLAIM

51. Pursuant to Rule 10(c), Plaintiffs repeats and realleges each and every allegation of paragraphs 1 through 50 of the Complaint as if incorporated and reiterated herein.

52. The sole purpose of arresting Plaintiff was to cover-up the assault and excessive force used against Plaintiffs and Wheeler.

53. By commencing a proceeding in the absence of probable cause and with actual malice, CENTNER and RASO intentionally engaged in a malicious prosecution of Plaintiffs.

54. By reason thereof, Defendants CENTNER and RASO violated 42 U.S.C. §1983 and caused Plaintiffs to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of their constitutional rights.

## NINTH CLAIM

55. Pursuant to Rule 10(c), Plaintiffs repeats and realleges each and every allegation of paragraphs 1 through 54 of the Complaint as if incorporated and reiterated herein.

56. By the actions described above, CENTNER and RASO engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally caused physical injury and emotional distress to Plaintiffs.

57. The acts and conduct of CENTNER and RASO was the direct and proximate cause of physical injury and damage to Plaintiffs.

58. By reason thereof, CENTNER and RASO intentionally caused Plaintiffs to

suffer emotional distress, mental anguish, economic damages and the loss of their constitutional rights.

59. By reason thereof, and because CENTNER and RASO acted within the scope of their duties as a member of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

## TENTH CLAIM

60. Pursuant to Rule 10(c), Plaintiffs repeats and realleges each and every allegation of paragraphs 1 through 59 of the Complaint as if incorporated and reiterated herein.

61. NYC and the NYPD had a duty to competently and sufficiently train, supervise and discipline the individual defendants to assure that their conduct conforms to a standard, established by law, for the protection of citizens, such as Plaintiffs, against unreasonable risk of harm by conducting themselves in such a manner as not to intentionally, wantonly, and/or negligently inflict injuries to citizens, such as the Plaintiffs herein.

62. NYC and the NYPD had previously received complaints about and had knowledge of the improper behavior and disciplinary infractions of the individual defendants or, in the exercise of due diligence, would have perceived that these officers had conduct and disciplinary problems that posed an unreasonable risk of harm to the Plaintiffs and yet allowed CENTNER and RASO to continue in their positions as police officers.

63. The failure of NYC and the NYPD to take preventive and remedial measures that could have protected Plaintiffs from sustaining the injuries that they suffered constitutes gross negligence, deliberate indifference or intentional misconduct.

64. By reason thereof, Defendant CITY has violated 42 U.S.C. §1983 and caused Plaintiffs to suffer physical injuries, emotional distress, mental anguish and the loss of their constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the Plaintiff demands judgment against Defendants as follows:

i) On the first claim, actual and punitive damages in an amount to be determined at trial;

ii) On the second claim, actual and punitive damages in an amount to be determined at trial;

iii) On the third claim, actual and punitive damages in an amount to be determined at trial;

iv) On the fourth claim, actual and punitive damages in an amount to be determined at trial;

v) On the fifth claim, actual and punitive damages in an amount to be determined at trial;

vi) On the sixth claim, actual and punitive damages in an amount to be determined at trial;

vii) On the seventh claim, actual and punitive damages in an amount to be determined at trial;

viii) On the eighth claim, actual and punitive damages in an amount to be

determined at trial;

ix) On the ninth claim, actual and punitive damages in an amount to be determined at trial;

x) On the tenth claim, actual and punitive damages in an amount to be determined at trial;

xi) Statutory attorney's fees and disbursements pursuant to 42 U.S.C. §1938, and costs of this action; and

xii) Such other relief as the Court deems just and proper.

Dated: New York, New York
March 17, 2013

                                               Goldberg & Allen, LLP
                                               Attorneys for Plaintiff

By: _____
Gerald Allen [GA-0950]
49 West 37th Street, 7th Floor
New York, New York 10018
(212) 766-3366